UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TERRY L. HARGIS, | |
|---|---|
| Petitioner, | |
| v. | CAUSE NO. 3:19-CV-909-DRL-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Terry L. Hargis, a prisoner without a lawyer, filed a habeas corpus petition challenging the revocation of his parole in connection with his conviction for burglary by the Allen County Superior Court, Cause No. 02D04-1007-FB-107. However, before the court can consider a habeas corpus petition challenging a state proceeding, the petitioner must have previously presented his claim to the state courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010); or by filing a state habeas corpus petition if the inmate is seeking immediate release. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Furthermore, if a state habeas corpus petition is improperly filed, it will be converted to a post-conviction petition. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008); *Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (Ind. Ct. App. 2004). Here, Mr. Hargis's habeas petition indicates that he has not presented his claims to any state court in any proceeding. Therefore, he has not exhausted his state court remedies and this case must be dismissed without prejudice so that he can exhaust his claims in the state courts. If, after he has ultimately presented his claim to the Indiana

Supreme Court, he has not yet obtained relief, then he may return to federal court and file a new habeas corpus petition.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, the parole revocation decision was made on August 13, 2019. Therefore, the one-year period of limitation for filing a habeas corpus petition will not expire until at least August 13, 2020. *See* 28 U.S.C. § 2244(d)(1)(D); *see Cook v. New York State Div. of Parole*, 321 F.3d 274 (2d Cir. 2003) (noting the "factual predicate" of the claim is the final revocation decision). However, when Mr. Hargis files a post-conviction relief petition challenging the parole revocation in state court, that will stop the one-year clock. *See* 28 U.S.C. § 2241(d)(2). Because he has at least nine months left to do so, dismissing this petition will not effectively end his chance at habeas corpus review and a stay would not be appropriate.

Pursuant to Section 2254 Habeas Corpus Rule 11, this court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, the claims presented by Mr. Hargis are unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For the foregoing reasons, the court:

(1) DISMISSES the petition without prejudice pursuant to Section 2254 Habeas Corpus Rule 4 because the claim is unexhausted; and

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

SO ORDERED.

November 15, 2019

*s/ Damon R. Leichty*
Judge, United States District Court